
FILED
OCT 1 2 2017
CLERK

| | |
|---|---|
| MILAN CARTER DEAN,<br><br>Plaintiff,<br><br>vs.<br><br>SIOUX FALLS VA HOSPITAL;<br>DARWIN GOODSPEED, SIOUX FALLS VA HOSPITAL DIRECTOR; AND<br>BETSY GEIVER, SIOUX FALLS VA HOSPITAL - HR DIRECTOR;<br><br>Defendants. | 4:17-CV-04108-LLP<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITH PREJUDICE |

Plaintiff, Milan Carter Dean, filed a pro se age discrimination civil rights lawsuit against the Sioux Falls VA Hospital, Darwin Goodspeed, the director of the Sioux Falls VA Hospital, and Betsy Geiver, the human resources director of the Sioux Falls VA Hospital. Docket 1 & 2. Dean also moves for leave to proceed in forma pauperis in his lawsuit against defendants. Docket 3.

## FACTUAL BACKGROUND

Dean alleges that the hospital did not allow him to pursue a career at the Sioux Falls VA Hospital due to its discriminatory policies. Docket 1 at 3. He alleges that "[t]he director is expected to serve all [v]eterans needs and to make sure that we are all treated equal[.]" *Id.* He also alleges that "HR Director Betsey Geiver is under VA Hospital Director Goodspeed and he should have stopped this discriminatory practice of discrimination." *Id.*

## LEGAL STANDARD

There is a two-step screening process with *in forma pauperis* litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible

to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000).

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions . . ." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . ." *Id.* When determining whether a complaint fails to state a claim upon which relief may be granted, this court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees. Of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014). Dean is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

## DISCUSSION

**I.      Motion For Leave to Proceed In Forma Pauperis**

Based upon his application, the court finds that Dean has sufficiently demonstrated his need to proceed in forma pauperis. He reports that his only income is retirement income of $1,227 per month. Docket 3 at 2. He reports that his monthly expenses are $1,201.50. *Id.* Therefore, the court grants his motion for leave to proceed in forma pauperis.

2

## II. Dean's Complaint

When a litigant proceeds in forma pauperis, a court must dismiss his case if it determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C.A. § 1915(e)(2)(B)(i), (ii). Here, Dean fails to state a claim. Dean's legal theory is his "constitutional right of protection against age discrimination."

The Age Discrimination in Employment Act (ADEA) is the exclusive remedy for age discrimination in federal employment and therefore preempts judicial remedies based directly on the Constitution for claims of age discrimination in federal employment. *See Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981); *see also Purtill v. Harris*, 658 F.2d 134 (3d Cir. 1981) (rejected by, *Langford v. U.S. Army Corps of Engineers*, 839 F.2d 1192 (6th Cir. 1988)); *see also Mummelthie v. City of Mason City*, 873 F. Supp. 1293, 1310 (N.D. Iowa 1995); *see also Christie v. Marston*, 451 F. Supp. 1142 (N.D. Ill. 1978). The federal-sector provision of the ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C.A. § 633a(a).

The court has jurisdiction under the ADEA if Dean has satisfied all the procedural prerequisites to suit under the ADEA. 29 U.S.C.A. § 633a(d); 29 C.F.R. § 1614.201. To satisfy the procedural prerequisites as an applicant for federal government employment, Dean has two options. First, he can choose to by-pass the administrative track entirely and head straight into federal court by giving not less than 30 days' notice of intent to file the action to the Equal Employment Opportunity Commission (EEOC). *See Paterson*, 644 F.2d at 523–24; *see also* 29 U.S.C. § 633a(b)-(d). His other option is to pursue his administrative remedies before the EEOC before heading into federal court. *See* 29 C.F.R. § 1614.201. Dean fails to allege that he has exhausted remedies before the EEOC or gave notice in a timely fashion to the EEOC. 29 U.S.C.A. § 633a(d); 29 C.F.R. § 1614.201.

Dean only alleges that defendants denied him the opportunity to pursue a career at the Sioux Falls VA Hospital. Dean fails to state a claim on which relief may be granted, and his claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is ORDERED

1. Dean's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. Dean's complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated October 12, 2017.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
   (SEAL)     DEPUTY

4